# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ESCALERA,<br>BOP #89120-198,<br><br>                         Plaintiff,<br><br>vs.<br><br>PUBLIC DEFENDERS OFFICE;<br>TIMOTHY MURPHY; U.S. MARSHAL,<br>SOUTHER DISTRICT OF CALIFORNIA,<br><br>                         Defendants. | Civil No.   08-2168 IEG (RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED** ***IN FORMA PAUPERIS*****, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2]; AND**<br><br>**(2)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

     Plaintiff, Jesus Escalera, a federal inmate currently incarcerated at the Federal Correctional Institution located Memphis, Tennessee and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971) . Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed  a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No.  2].

/ / /

**I.      Motion to Proceed IFP [Doc. No. 2]**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is

ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

   **A.     Standard**

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

"parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

### B. *Heck* and Ineffective Assistance of Counsel

To the extent that Plaintiff seeks to hold Defendant Timothy Murphy and the Public Defenders Office for the Southern District of California liable for his alleged ineffective assistance of counsel, he cannot state a claim against these parties pursuant to 42 U.S.C § 1983. A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Attorneys appointed to represent a criminal defendant during trial, do not generally act under color of state law because representing a client "is essentially a private function ... for which state office and authority are not needed." *Polk County*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992). Thus, when publicly appointed counsel are performing as advocates, *i.e.*, meeting with clients, investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county.").

Accordingly, Plaintiff's claims against Timothy Murphy and the Public Defenders Office must be dismissed for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

/ / /

/ / /

/ / /

Moreover, to the extent Plaintiff seeks damages under 42 U.S.C. § 1983 or *Bivens* based on the alleged ineffective assistance of his trial counsel, his claim amounts to an attack on the validity of his underlying criminal proceedings, and as such, is not cognizable under 42 U.S.C. § 1983 unless and until he can show that conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489), *cert. denied*, 124 S. Ct. 2388 (2004). *Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. A claim challenging the legality of a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

In *Heck*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added). An action that is barred by *Heck* should be dismissed for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction. *Edwards*, 520 U.S. at 649; *see also Martin v. Sias*, 88 F3d 774, 775 (9th Cir. 1996) (applying *Heck* to *Bivens* actions).

Here, Plaintiff's ineffective assistance of counsel claims against Murphy "necessarily imply the invalidity" of his criminal proceedings. *Heck*, 512 U.S. at 487. Were Plaintiff to succeed in showing that Murphy rendered ineffective assistance of counsel, an award of damages

would "necessarily imply the invalidity" of his conviction. *Id.*; *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to succeed on ineffective assistance claim petitioner must show that counsel's performance fell below objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different); *Lozada v. Deeds*, 964 F.2d 956, 958-59 (9th Cir. 1992) (remedy for ineffective assistance of counsel is a conditional writ granting petitioner's release unless state retries him or allows him to pursue an appeal with the assistance of counsel within a reasonable time). Thus, because Plaintiff seeks damages for an allegedly unconstitutional criminal proceedings in a criminal case, and because he has not alleged that his conviction has already been invalidated, a section 1983 claim for damages has not yet accrued. *See Heck*, 512 U.S. at 489-90.

Accordingly, the Court dismisses Plaintiff's Complaint for failing to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2) & § 1915A. *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### III.  CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2. The Warden of the Federal Correction Institution, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Warden, FCI Memphis, Federal Correctional Institution, 1101 John A. Denie Road, Memphis, TN 28134.

/ / /

/ / /

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b)and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

6. The Clerk of the Court is directed to mail a Court approved form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

**DATED: January 12, 2009**

*[signature]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**